Veenita D. Raj, Esq. SBN 216241
**CLARK HILL LLP**
1055 W. Seventh Street
24th Floor
Los Angeles, CA 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
vraj@Clarkhill.com

Attorneys for Defendant
MUSIC TRIBE COMMERCIAL NV, INC., a Nevada Corporation, and also as erroneously sued herein as "MUSIC GROUP SERVICES NV, INC., a Nevada Corporation"

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JULIA TAN, an individual

Plaintiff,

v.

MUSIC GROUP SERVICES NV, INC, a Nevada Corporation; MUSIC TRIBE COMMERCIAL NV, INC., a Nevada Corporation; MUSIC GROUP SERVICES US, INC.; a Nevada Corporation; and DOES 1-20 inclusive,

Defendants.

Case No. 2:19-cv-10527-JFW (ASx)

**ANSWER TO COMPLAINT**

District Judge: Hon. John F. Walter
Magistrate Judge: Hon. Alka Sagar

Complaint Filed: October 11, 2019
(Los Angeles County Superior Court Case No. 19STCV36683.)

Defendant MUSIC TRIBE COMMERCIAL NV, INC., a Nevada Corporation, and also as erroneously sued herein as "MUSIC GROUP SERVICES NV, INC., a Nevada Corporation (hereinafter, "Defendant") hereby files the following answer and Affirmative Defenses to the Complaint of JULIA TAN (hereinafter, "Plaintiff") for Damages filed in the above-captioned action as follows:

## I. GENERAL ALLEGATIONS

1. In response to paragraph 1 of the Complaint, Defendant admits that at the time the causes of action arose, Plaintiff was an individual residing in the State of California. Except as otherwise admitted, Defendant denies each and every remaining allegation contained in paragraph 1 of the Complaint.

2. In response to paragraph 2 of the Complaint, Defendant admits MUSIC GROUP SERVICES NV, INC. was incorporated in the State of Nevada. Except as otherwise admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 3 and on that basis denies the allegations contained therein.

3. In response to paragraph 3 of the Complaint, Defendant admits that MUSIC TRIBE COMMERCIAL NV, INC. was and is a corporation incorporated in the State of Nevada, and is registered in the State of California to transact business in California. Except as otherwise admitted, Defendant denies each and every remaining allegation contained in paragraph 3 of the Complaint.

4. In response to paragraph 4 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 and on that basis denies the allegations contained therein.

5. In response to paragraph 5 of the Complaint, Defendant admits that MUSIC GROUP SERVICES NV, INC. was incorporated in the State of Nevada and that MUSIC TRIBE COMMERCIAL NV, INC. is a Nevada corporation. Except as otherwise admitted, Defendant denies each and every remaining allegation contained in paragraph 5 of the Complaint.

6. In response to paragraph 6 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 and on that basis denies the allegations contained therein.

7. In response to paragraph 7 of the Complaint, this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies each and every allegation therein.

8. In response to paragraph 8 of the Complaint, this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies each and every allegation therein.

9. In response to paragraph 9 of the Complaint, Defendant admits that the United States District Court for the Central District of California has diversity and federal question jurisdiction over this action and that venue is proper in the United States District Court for the Central District of California-Western Division.

## II. FACTUAL ALLEGATIONS

10. In response to paragraph 10 of the Complaint, Defendant admits that Tan was hired on or about September 1, 2015. Except as otherwise admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 10 and on that basis denies the allegations contained therein.

11. In response to paragraph 11 of the Complaint, Defendant admits that it agreed to pay Tan a yearly salary, provide medical insurance coverage, 401(k) benefits, Personal Time Off ("PTO") as accrued during the fiscal work year according to Defendant's PTO policy, and reimburse Tan for business expenses incurred. Except as otherwise admitted, Defendant denies each and every remaining allegation contained in paragraph 11 of the Complaint.

12. In response to paragraph 12 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 and on that basis denies the allegations contained therein.

13. In response to paragraph 13 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 and on that basis denies the allegations contained therein.

14. In response to paragraph 14, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 and on that basis denies the allegations contained therein.

15. In response to paragraph 15, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 and on that basis denies the allegations contained therein.

16. In response to paragraph 16 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 and on that basis denies the allegations contained therein.

17. In response to paragraph 17 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 and on that basis denies the allegations contained therein.

18. In response to paragraph 18 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 and on that basis denies the allegations contained therein.

19. In response to paragraph 19 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 and on that basis denies the allegations contained therein.

20. In response to paragraph 20 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 and on that basis denies the allegations contained therein.

21. In response to paragraph 21 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 and on that basis denies the allegations contained therein.

22. In response to paragraph 22 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22 and on that basis denies the allegations contained therein. Defendant specifically denies the allegation that it failed to make contributions to Tan's 401(k).

23. In response to paragraph 23 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23 and on that basis denies the allegations contained therein. Defendant specifically denies the allegation that it failed to reimburse Tan for any deductions alleged therein.

24. In response to paragraph 24 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24 and on that basis denies the allegations contained therein. Defendant specifically denies the allegation that it failed to provide Tan with COBRA health insurance continuation information. Defendant specifically denies the allegation that it did not inform Tan of any health insurance extension benefits. Defendant specifically denies that it failed to notify Tan of COBRA benefits extension.

25. In response to paragraph 25 of the Complaint, Defendant admits that on June 25, 2019, Tan, through her attorney, made a written request for Tan's personnel records. Defendant admits that Tan's personnel records were not provided. Except as otherwise admitted, Defendant denies each and every remaining allegation contained in paragraph 25 of the Complaint.

26. In response to paragraph 26 of the Complaint, Defendant admits that on June 25, 2019, Tan, through her attorney, Tan made a written request for itemized statements of wages pursuant to California Labor Code §226. Defendant admits that, Tan, through her attorneys, provided an extension of time to produce these records. Defendant admits

that the wage records were not provided. Except as otherwise admitted, Defendant denies each and every remaining allegation contained in paragraph 26 of the Complaint.

27. In response to paragraph 27 of the Complaint, Defendant admits that on June 25, 2019, Tan, through her attorney, made a written request for any instrument or document signed by Tan. Defendant admits that any instrument or document signed by Tan was not provided. Except as otherwise admitted, Defendant denies each and every remaining allegation contained in paragraph 27 of the Complaint.

## III. FIRST CAUSE OF ACTION

*-Against All Defendants-*

*(Failure to Pay All ages at Time of Discharge)*

28. In response to paragraph 28 of the Complaint, Defendant incorporates and realleges by reference each of its responses to paragraphs 1-27 of the Complaint as though fully stated herein.

29. In response to paragraph 29 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 29 and on that basis denies the allegations contained therein.

30. In response to paragraph 30 of the Complaint, this paragraph contains legal conclusions to which no response is required.

31. In response to paragraph 31 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31 and on that basis denies the allegations contained therein.

32. In response to paragraph 32 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 32 and on that basis denies the allegations contained therein. Defendant specifically denies that it failed to pay the full amount of PTO owed to Plaintiff.

33. In response to paragraph 33 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33 and on that basis denies the allegations contained therein.

34. In response to paragraph 34 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 34 and on that basis denies the allegations contained therein. Defendant specifically denies that it failed to make the 401k contributions and matching contributions.

35. In response to paragraph 35 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 35 and on that basis denies the allegations contained therein.

36. In response to paragraph 36 of the Complaint, this paragraph contains legal conclusions to which no response is required. Defendant specifically denies that it owes Plaintiff an additional 30 days wages as a penalty.

37. In response to paragraph 37 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 37 and on that basis denies the allegations contained therein. Defendant specifically denies that Plaintiff has suffered damages, including attorney's fees, penalties and interest accruing presently, in a sum still uncertain, to be proven at trial. To the extent this paragraph contains legal conclusions, no response is required.

## IV. SECOND CAUSE OF ACTION

*-Against All Defendants-*

*(Failure to Reimburse Business Expense)*

38. In response to paragraph 38 of the Complaint, Defendant incorporates and realleges by reference each of its responses to paragraphs 1-37 of the Complaint as though fully stated herein.

39. In response to paragraph 39 of the Complaint, this paragraph contains legal conclusions to which no response is required.

40. In response to paragraph 40 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 40 and on that basis denies the allegations contained therein. To the extent this paragraph contains legal conclusions, no response is required.

41. In response to paragraph 41 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 41 and on that basis denies the allegations contained therein. To the extent this paragraph contains legal conclusions, no response is required.

42. In response to paragraph 42 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 42 and on that basis denies the allegations contained therein. To the extent this paragraph contains legal conclusions, no response is required.

43. In response to paragraph 43 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 43 and on that basis denies the allegations contained therein. Defendant specifically denies that Plaintiff has suffered damages, including attorney's fees, penalties and interest accruing presently, in a sum still uncertain, to be proven at trial. To the extent this paragraph contains legal conclusions, no response is required.

## V. THIRD CAUSE OF ACTION

*-Against All Defendants-*

*(Failure to Timely Provide Personnel Records)*

44. In response to paragraph 44 of the Complaint, Defendant incorporates and realleges by reference each of its responses to paragraphs 1-43 of the Complaint as though fully stated herein.

45. In response to paragraph 45 of the Complaint, this paragraph contains legal conclusions to which no response is required.

46. In response to paragraph 46 of the Complaint, Defendant admits that on June 25, 2019, Plaintiff, through her attorney, made a written request for Plaintiff's personnel

records. Defendant admits that Plaintiff's personnel records were not provided. Except as otherwise admitted, Defendant denies each and every remaining allegation contained in paragraph 46 of the Complaint. To the extent this paragraph contains legal conclusions, no response is required.

47. In response to paragraph 47 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 47 and on that basis denies the allegations contained therein. Defendant specifically denies that Plaintiff has suffered damages, including attorney's fees, penalties and interest accruing presently, in a sum still uncertain, to be proven at trial. To the extent this paragraph contains legal conclusions, no response is required.

## VI. FOURTH CAUSE OF ACTION

*-Against All Defendants-*

*(Failure to Provide Itemized Statement of Wages)*

48. In response to paragraph 48 of the Complaint, Defendant incorporates and realleges by reference each of its responses to paragraphs 1-47 of the Complaint as though fully stated herein.

49. In response to paragraph 49 of the Complaint, this paragraph contains legal conclusions to which no response is required.

50. In response to paragraph 50 of the Complaint, Defendant admits that on June 25, 2019, Plaintiff, through her attorney, made a request for itemized statements of wages pursuant to California Labor Code §226. Defendant admits that, Plaintiff, through her attorneys, provided an extension of time to produce these records. Defendant admits that the wage records were not provided. Except as otherwise admitted, Defendant denies each and every remaining allegation contained in paragraph 50 of the Complaint. To the extent this paragraph contains legal conclusions, no response is required.

51. In response to paragraph 51 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 51 and on that basis denies the allegations contained therein.

Defendant specifically denies that Plaintiff has suffered damages, including attorney's fees, penalties and interest accruing presently, in a sum still uncertain, to be proven at trial. To the extent this paragraph contains legal conclusions, no response is required.

## VII. FIFTH CAUSE OF ACTION

*-Against All Defendants-*

*(Failure to Provide All Writings Signed by Plaintiff)*

52. In response to paragraph 52 of the Complaint, Defendant incorporates and realleges by reference each of its responses to paragraphs 1-51 of the Complaint as though fully stated herein.

53. In response to paragraph 53 of the Complaint, this paragraph contains legal conclusions to which no response is required.

54. In response to paragraph 54 of the Complaint, Defendant admits that on June 25, 2019, Plaintiff, through her attorney, made a written request for any instrument or document signed by Plaintiff. Except as otherwise admitted, Defendant denies each and every remaining allegation contained in paragraph 54 of the Complaint. To the extent this paragraph contains legal conclusions, no response is required.

55. In response to paragraph 55 of the Complaint, Defendant admits that any instrument or document signed by Plaintiff was not provided. Except as otherwise admitted, Defendant denies each and every remaining allegation contained in paragraph 55 of the Complaint. To the extent this paragraph contains legal conclusions, no response is required.

56. In response to paragraph 56 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 56 and on that basis denies the allegations contained therein. Defendant specifically denies that Plaintiff has suffered damages, including attorney's fees, penalties and interest accruing presently, in a sum still uncertain, to be proven at trial. To the extent this paragraph contains legal conclusions, no response is required.

## VIII. SIXTH CAUSE OF ACTION

*-Against All Defendants-*

*(Failure to Properly Process Plaintiff's Workers' Compensation Claim)*

57. In response to paragraph 57 of the Complaint, Defendant incorporates and realleges by reference each of its responses to paragraphs 1-56 of the Complaint as though fully stated herein.

58. In response to paragraph 58 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 58 and on that basis denies the allegations contained therein. To the extent this paragraph contains legal conclusions, no response is required.

59. In response to paragraph 59 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 59 and on that basis denies the allegations contained therein. Defendant specifically denies that Plaintiff has suffered damages, including attorney's fees, penalties and interest accruing presently, in a sum still uncertain, to be proven at trial. To the extent this paragraph contains legal conclusions, no response is required.

## IX. SEVENTH CAUSE OF ACTION

*-Against All Defendants-*

*(Failure to Properly Administer Plaintiff's Benefits)*

60. In response to paragraph 60 of the Complaint, Defendant incorporates and realleges by reference each of its responses to paragraphs 1-59 of the Complaint as though fully stated herein.

61. In response to paragraph 61 of the Complaint, this paragraph contains legal conclusions to which no response is required.

62. In response to paragraph 62 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 62 and on that basis denies the allegations contained therein. To the extent this paragraph contains legal conclusions, no response is required. Defendant

specifically denies the allegation that it failed to reimburse Tan for any deductions alleged therein.

63. In response to paragraph 63 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 63 and on that basis denies the allegations contained therein. Defendant specifically denies the allegation that it failed to provide Plaintiff with notification of any discontinuation of any medical coverage or any COBRA medical insurance continuation information. Defendant specifically denies the allegation that it did not inform Plaintiff of any health insurance extension benefits. Defendant specifically denies that it failed to notify Plaintiff of COBRA benefits extension. To the extent this paragraph contains legal conclusions, no response is required.

64. In response to paragraph 64 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 64 and on that basis denies the allegations contained therein. Defendant specifically denies it failed to properly administer Plaintiff's benefits. Defendant specifically denies that Plaintiff has suffered damages, including attorney's fees, penalties and interest accruing presently, in a sum still uncertain, to be proven at trial. To the extent this paragraph contains legal conclusions, no response is required.

## X. AFFIRMATIVE DEFENSES

First Affirmative Defense

(Failure to State a Claim)

1. The Complaint and each purported claim for relief alleged therein, fails to state a claim upon which relief may be granted.

Second Affirmative Defense

(Equitable Bar)

2. Plaintiff's claims are barred, in whole or in part, under the doctrine of laches, estoppel, and unclean hands.

Third Affirmative Defense

(Statute of Limitations)

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations including but not limited to those set forth in California Code of Civil Procedure §§ 312, *et seq, 335,* 335.1, 337, 338(a), 339, 340(a), 343, *et seq.,* 349.5, and under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA), 29 U.S.C. § 1161, et seq. and the Employee Retirement Income Security Act of 1974 (ERISA).

Fourth Affirmative Defense

(Mitigation)

4. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

Fifth Affirmative Defense

(Failure to Exhaust)

5. Plaintiff's claims are barred, in whole or in part, because she failed to exhaust her administrative remedies.

Sixth Affirmative Defense

(Workers Compensation Exclusivity)

6. Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of the California Workers' Compensation Act.

Seventh Affirmative Defense

(Received All Wages)

7. Plaintiff's claims are barred, in whole or in part, because Plaintiff has received all monies and alleged wages to which she was entitled.

Eighth Affirmative Defense

(Justification)

8. Defendant has acted with privilege or justification, and its actions,

conduct and dealings have been lawful and carried out for legitimate business purposes and in a commercially reasonable manner.

Ninth Affirmative Defense

(Good-Faith Belief)

9. Plaintiff's claims for "waiting time" penalties under California Labor Code §§ 201-203 are barred, in whole or in part, because Defendant had a good faith belief that no such wages were owed and that all wages were properly and timely paid.

Tenth Affirmative Defense

(No Willful Failure)

10. Plaintiff's claims for "waiting time" penalties under California Labor Code §§201-203 must fail because Defendant has not "willfully failed" to timely pay wages to Plaintiff.

Eleventh Affirmative Defense

(No Intentional Failure)

11. Defendant did not knowingly or intentionally fail to provide itemized statements to Claimant within the meaning of Labor Code section 226.

Twelfth Affirmative Defense

(No penalties, costs or attorneys' fees)

12. Plaintiff is not entitled to penalties, costs or attorneys' fees because any alleged act or omission by Defendant was in good faith, and Defendant has reasonable grounds for believing that its conduct did not violate any provision of the Labor Code or Industrial Welfare Commission order.

Thirteenth Affirmative Defense

(Unknown Defenses)

13. Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional as yet unstated defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery

indicates that they would be appropriate.

**WHEREFORE**, Defendant prays as follows:

a. that Plaintiff takes nothing by way of her Complaint;

b. that judgment be entered in favor of Defendant and against Plaintiff;

c. that Defendant be awarded its reasonable attorney's fees and costs of suit incurred herein;

d. that all causes of action alleged in the Complaint filed herein be dismissed with prejudice; and

e. for such other and further relief as the Court deems just and proper.

Dated: December 19, 2019

CLARK HILL LLP

B: ______________________________
Veenita D. Raj

Attorneys for Defendant
MUSIC TRIBE COMMERCIAL NV, INC., a Nevada Corporation, and also as erroneously sued herein as "MUSIC GROUP SERVICES NV, INC., a Nevada Corporation"

# CERTIFICATE OF SERVICE

***Julia Tan vs. Music Group Services NV, INC., et al.***
United States District Court Central District of California – Western Division
Case No.: 2:19-cv-10527-JFW-(ASx)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action; my business address is 1055 West Seventh Street, 24th Floor, Los Angeles, California 90017.

On December 19, 2019, I served the foregoing document(s) described as:
**ANSWER TO COMPLAINT**

☐ **BY CM/ECF:** The document was electronically served on the parties to this action via the mandatory United States District Court of California CM/ECF system upon electronic filing of above-described document.

☒ **BY U.S. MAIL**: I enclosed the document(s) in a sealed envelope or package addressed to the persons listed at the addresses below. I am readily familiar with Clark Hill's practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

Thomas M. Donovan
LAW OFFICE OF THOMAS M. DONOVAN
11900 W. Olympic Blvd., Suite 450
Los Angeles, CA 90064 (Phone: 310/260-6016)
***Counsel for Plaintiff Julia Tan***

☒ **FEDERAL** I declare I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 19, 2019 at Los Angeles, California.

Jeri Lynn Gregory